UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 5:23-cv-00708-FWS-KK                                    Date: October 5, 2023
Title: Julia Wilson v. Target Corporation *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                      Attorneys Present for Defendants:

Not Present                                                           Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14]

Before the court is Plaintiff Julia Wilson's ("Plaintiff") Motion to Remand ("Motion" or "Mot."). (Dkt. 14.) On June 1, 2023, Defendant Target Corporation ("Defendant") filed an Opposition ("Opp."). (Dkt. 19.) On June 8, 2023, Plaintiff filed a Reply ("Reply"). (Dkt. 22.) On June 21, 2023, the court took the matter under submission. (Dkt. 29.) Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion.

**I.   Background**

Plaintiff initiated this action in Riverside County Superior Court on February 28, 2023. (Dkt. 1-2 ("Compl.").) Plaintiff alleges she was employed by Defendant from approximately December 21, 2018, until March 4, 2021. (*Id.* ¶ 7.) Plaintiff alleges she worked for Defendant in multiple roles, including visual merchandiser, guest service team lead, and closing team lead, and received consistent promotions during her employment with Defendant. (*Id.* ¶ 8.)

Plaintiff became pregnant in or around late 2020. (*Id.* ¶ 9.) Plaintiff informed Defendant of the pregnancy and that Plaintiff had been diagnosed with hyperemesis gravidarum, a pregnancy-related disability characterized by excessive nausea and vomiting. (*Id.*) Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:23-cv-00708-FWS-KK                                    Date: October 5, 2023
Title: Julia Wilson v. Target Corporation *et al.*

alleges her supervisor began to harass and make discriminatory comments almost immediately after learning of Plaintiff's pregnancy, including telling Plaintiff that she was a "pussy" when she threw up at work, Plaintiff should not be so sick because it's "just a pregnancy," and Plaintiff's "sickness is an inconvenience to the store." (*Id.* ¶ 10.)

Plaintiff was terminated a few weeks prior to her scheduled pregnancy leave, which was set to start in or around May 2021. (*Id.* ¶ 11.) Plaintiff alleges Defendant accused her of leaving a store door unlocked but this accusation was pretext and/or false. (*Id.* ¶ 12.) Plaintiff alleges she was terminated because of her disability and pregnancy and in retaliation for protected activities, including her anticipated future use of protected leave from work. (*Id.*) Based on these allegations, Plaintiff asserts nine causes of action for violations of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code Section 12900, *et seq.*, the California Family Rights Act ("CFRA"), Cal. Gov. Code Section 12945.2, *et seq.*, protected pregnancy disability leave under Cal. Gov. Code Section 12945, *et seq.*, and public policy. (*Id.* ¶¶ 14-78.)

Defendant removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1.) Plaintiff moves to remand this action to state court on the ground that Defendant's removal is untimely because the amount in controversy was clearly set forth in the Complaint, Plaintiff served the Complaint on March 16, 2023, and Defendant removed the case on April 21, 2023. (*See generally* Mot.)

## II. Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, when a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:23-cv-00708-FWS-KK				Date: October 5, 2023
Title: Julia Wilson v. Target Corporation *et al.*

*rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

To remove based on diversity jurisdiction, the defendant must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.  "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").  A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] resid[e] with the intention to remain or to which [they] inten[d] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted).  However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A corporation is a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

The defendant's burden of proof with respect to the amount in controversy varies according to the allegations in the complaint.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  "When a complaint . . . alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."  *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 389, 402 (9th Cir. 1996).  But where "it is unclear or ambiguous from the face of a state-court complaint whether the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:23-cv-00708-FWS-KK                                  Date: October 5, 2023
Title: Julia Wilson v. Target Corporation *et al.*

requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *Sanchez*, 102 F.3d at 404 ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000].").

When assessing the amount in controversy, "the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). However, "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). When the plaintiff contests the removing defendant's allegations, the court may consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks and citation omitted).

**III. Discussion**

In this case, the parties' dispute is limited to whether Defendant's removal of this case was timely.[1] Plaintiff argues that because Defendant was served with the Complaint on March 16, 2023, Defendant was required to remove the case by April 16, 2023, and Defendant's removal on April 21, 2023, is untimely. (Mot. at 4-5.) Defendant argues the Complaint is silent as to Plaintiff's damages and Defendant's counsel only learned that the amount in controversy

---

[1] There is no dispute that Plaintiff is a citizen of California and Defendant a citizen of Minnesota. (*See* Dkt. 1 at 3-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:23-cv-00708-FWS-KK                                                    Date: October 5, 2023
Title: Julia Wilson v. Target Corporation *et al.*

exceeded $75,000 during a meet and confer with Plaintiff's counsel on April 6, 2023.  (Opp. at 3-6.)  Defendant thus argues its removal on April 21, 2023—approximately fifteen days after learning of the amount in controversy—is timely.  (*Id*.)

The removal statute "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs*., LLC, 629 F.3d 876, 885 (9th Cir. 2010).  "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face."  *Id.* (citation and internal quotation marks omitted).  "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained."  *Id.* (citation and internal quotation marks omitted).

Information is sufficient to trigger the removal clock under U.S.C. § 1446(b)(3) only if it reflects a "reasonable estimate" of the relief requested by the plaintiff or makes the grounds for removal "unequivocally clear and certain."  *See Cohn v. Petsmart Inc*., 281 F.3d 837, 840 (9th Cir. 2002) (holding that "[a] settlement letter is relevant evidence in the amount of controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"); *Dietrich v. Boeing Co*., 14 F.4th 1089, 1095 (9th Cir. 2021) ("[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3).").

In this case, although the Complaint lists various categories of damages sought, it does not explicitly provide an amount in controversy. (*See generally* Dkt. 1-2.)  In other words, the court finds the Complaint is silent as to the amount of damages sought and it is thus not clear from the face of the Complaint that the amount in controversy exceeds $75,000.  (*Id*.)  As for when Defendant first learned that the amount in controversy exceeds $75,000, Defendant maintains it first learned this information during a telephonic conference with Plaintiff on April 6, 2023, and that the amount was then confirmed in a letter exchange between the parties.  (*See* Dkt. 19-1 (Declaration of Mandana Massoumi) ¶¶ 3-6.)  On Reply, Plaintiff argues the amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:23-cv-00708-FWS-KK                                           Date: October 5, 2023
Title: Julia Wilson v. Target Corporation *et al*.

in controversy was clear from the face of the Complaint but does not sufficiently demonstrate how the amount sought could have been ascertained from the Complaint. (Reply at 2-3.)

Per the removal statute, the first thirty-day removal period is triggered "if the case stated by the initial pleading is removable on its face." *Carvalho*, 629 F.3d at 885. "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* Accordingly, the court finds that removal is timely under 28 U.S.C. § 1446(b)(3) because removability was not clear from the face of the Complaint, Defendant first became aware of the damages sought on April 6, 2023, and removed the action within thirty days on April 21, 2023.

**IV.    Disposition**

For the reasons set forth above, the Motion is **DENIED.**

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku